

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SURREAL CUNNINGHAM** : | |
| **Plaintiff** : | **JURY TRIAL** |
| vs. : | **DEMAND** |
| **THE CITY OF PHILADELPHIA, PHILADELPHIA** : | |
| **POLICE OFFICER WALKER, BADGE # 3730;** : | **C.A. #14-** |
| **PHILADELPHIA POLICE OFFICER SPICER,** : | |
| **BADGE # 5180; POLICE OFFICER LICIARDELLO,** : | **14      6797** |
| **BADGE # 4383; POLICE OFFICER BETTS, BADGE** : | |
| **# 6761; PHILADELPHIA POLICE SERGEANT** : | |
| **GORMAN, BADGE # 8821, individually and in their** : | |
| **capacity as police officers** : | |
| **Defendants** : | |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. Plaintiff brings this action under 42 U.S.C. §1983 seeking redress for the extraordinary misconduct of six Philadelphia police officers who used improper and unconstitutional means to secure search warrants by deception and misrepresentation, search persons and property, and subject citizens to unlawful arrest, detention and prosecution. The actions and conduct of the Defendant police officers were the result of policies, practices, customs, and deliberate indifference on the part of Defendant City of Philadelphia, including the failure to take disciplinary and remedial action against the Defendant officers and other Philadelphia police officers despite documented records of misconduct and abuses of authority.

### II. JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1331 and 1343(1), (3), (4) and the aforementioned statutory provision.

## III. PARTIES

3. Plaintiff, Surreal Cunningham is an adult male who was at all times relevant to its Complaint, a resident of Philadelphia, Pennsylvania.

4. Defendant City of Philadelphia is a City of the First Class in the Commonwealth of Pennsylvania and at all times relevant hereto operated under the color of state law in creating and maintaining a Police Department, was the employer of all Defendants and had the responsibility of adopting policies, implementing procedures and practices which would create an environment whereby citizens would be safe from police abuse.

5. Defendant Walker, Badge number 3730, is a former police officer and was at all times relevant to this Complaint, a police officer for the City of Philadelphia and acting under the color of state law. He is being sued in both his individual and official capacities.

6. Defendant Spicer, Badge number 5180, is a former police officer and was at all times relevant to this Complaint, a police officer for the City of Philadelphia and acting under the color of state law. He is being sued in both his individual and official capacities.

7. Defendant Liciardello, Badge number 4383, is a former police officer and was at all times relevant to this Complaint, a police officer for the City of Philadelphia and acting under the color of state law. He is being sued in both his individual and official capacities.

8. Defendant Betts, Badge number 6761, is a former police officer and was at all times relevant to this Complaint, a police officer for the City of Philadelphia and acting under the color of state law. He is being sued in both his individual and official capacities.

9. Defendant Gorman, Badge number 8821, is a police Sergeant and was at all times relevant to this Complaint, a police officer for the City of Philadelphia and acting under the color of state law. He is being sued in both his individual and official capacities.

## IV. FACTS

10. For more than twenty years, Philadelphia police officers assigned to various narcotics units have engaged in a pattern and practice of securing search warrants based on fraud and misrepresentation, the misuse of informants, the improper execution of search warrants, the falsification of evidence, the destruction and theft of personal property, and related misconduct.

11. The City of Philadelphia has failed to take appropriate remedial measures to prevent misconduct of this nature.

12. On March 19, 2011, at approximately 8:00 p.m., Defendants Liciardello, Walker and Gorman observed Plaintiff standing on the steps of 2049 E. Susquehanna Avenue.

13. Defendants observed another individual approach Plaintiff, have a conversation and then Plaintiff and the other individual entered the premises at 2049 E. Susquehanna Avenue.

14. Shortly thereafter Plaintiff and the individual exited the premises. The individual left the area and Plaintiff remained standing on the steps.

15. Within minutes Defendants Liciardello, Walker and Gorman observed Plaintiff go back into the premises.

16. At 8:20 p.m., Plaintiff came back out of the premises and sat on the step.

17. According to Defendants, an individual approached the Plaintiff and they engaged in what Defendants believe to be a narcotic transaction.

18. The individual left the area and Plaintiff remained standing on the steps.

19. Defendants Liciardello, Walker, Betts and Gorman then approached the Plaintiff as Plaintiff was entering the premises.

20. Without cause, justification or a search warrant, Defendants forced their way into the property.

21. After entering the property, Defendants Liciardello and Walker punched and kicked the Plaintiff about the head, face, neck, shoulder and back before placing him under arrest.

22. Without cause, justification or a search warrant, Defendants searched the premises. Sixteen hundred dollars ($1,600.00) Plaintiff had in the house was confiscated, but only two hundred ($200.00) was reported.

23. Defendants then waited at the premises while a search warrant was procured.

24. According to the Defendants, narcotics were confiscated from the premises.

25. On March 19, 2011, Plaintiff was arrested and charged with narcotic related offenses. He was transported to the police district, processed and placed in a cell. Plaintiff at that time complained about his injuries.

26. After approximately six (6) hours, Plaintiff was transported by police to Episcopal Hospital for treatment of the injuries he received by Defendants Liciardello and Walker during his arrest.

27. Defendant Liciardello provided false testimony at Plaintiff's Preliminary Hearing and Trial.

28. On March 7, 2012, Plaintiff was found guilty and sentenced to a term of incarceration of 5 to 10 years.

29. On October 29, 2014, Plaintiff's conviction on all charges was reversed.

30. In December 2012, the Philadelphia District Attorney's Office informed Philadelphia Police Commissioner Ramsey that Defendant Officers Liciardello, Spicer and Betts would no longer be permitted to be witnesses in narcotic cases due to an ongoing investigation regarding their credibility as police officers. Defendants Liciardello, Spicer and Betts were transferred out of the narcotic unit.

31. On May 22, 2013, Defendant Walker was arrested and charged with for falsely arresting, planting cocaine on a suspect and stealing money from the suspect.

32. On February 24, 2014, Defendant Walker plead guilty to robbery and weapons charges. He is currently cooperating with federal authorities regarding corruption within the police department.

33. On July 30, 2014, Defendants Liciardello, Spicer and Betts were arrested and charged with racketeering conspiracy, civil rights violations, robbery and extortion.

34. On October 29, 2014, after remaining incarcerated for over three (3) years, Plaintiff's March 7, 2012 conviction was reversed as a result of Defendants Liciardello, Walker, Spicer and Betts' arrests.

35. The Defendant officers, acting in concert and conspiracy, caused the Plaintiff to be unlawfully arrested, subjected to false criminal charges, malicious prosecution and prolonged detention by falsifying information in the arrest report, the 75-49, and at the preliminary hearing; failing to disclose to prosecutors the fact that the information provided to the judicial officer in support of the search warrant was false and misleading, the information in supporting police documents was false and misleading and their testimony at trial was false and misleading; fabricating evidence to support the claim that the Plaintiff was involved in criminal activity, and failing to disclose other exculpatory evidence regarding these criminal charges.

36. The only evidence leading to Plaintiff's conviction was derived from the false and misleading information provided by the Defendant officers.

37. The unlawful arrest, detention and malicious prosecution in this case were the direct result of all Defendants' pattern, practice and custom of subjecting citizens such as the Plaintiff to arrest, prosecution and incarceration in the absence of probable cause.

38. The Defendant officers acted willfully, deliberately, maliciously or with reckless disregard of the Plaintiff's constitutional and statutory rights.

39. As a direct and proximate result of the actions of all Defendants, the Plaintiff suffered and continues to suffer physical and psychological harms, pain and suffering, damage to reputation, some or all of which may be permanent, as well as financial losses.

40. As a direct and proximate result of the actions of all Defendants, the Plaintiff suffered his loss of liberty by being incarcerated.

41. All Defendants engaged in the aforesaid conduct for the purpose of violating the Plaintiff's constitutional rights by subjecting the Plaintiff to unlawful arrest, malicious prosecution, detention and the victim of robbery.

42. The actions and conduct of the Defendant officers were caused by a policy, practice and custom of Defendant City of Philadelphia of failing, with deliberate indifference, to supervise, monitor, and properly train narcotics officers with respect to (a) their duty to provide only truthful information in securing search and arrest warrants, (b) their duty to ensure that relationships and dealings with confidential informants and/or sources are in accord with Police Department policy and constitutional commands, (c) their duty to disclose exculpatory evidence in criminal cases, (d) their duty not to undertake arrests in the absence of lawful grounds, (e) their duty to provide accurate and truthful information to the prosecutor's office, (f) their duty to report and disclose misconduct and illegal actions of other police officers, (g) the proper execution of search warrants, and in particular prohibitions on searches that go beyond those authorized by the warrant, and/or involve the destruction or theft of property or evidence, and (h) the fabrication of evidence against an accused to justify their illegal actions and conduct.

43. Defendant City of Philadelphia has failed to properly discipline the Defendant officers and other officers in the Police Department in cases involving violations of rights of civilians, including cases of improper searches, seizures, arrests, and prosecutions, thereby causing the violations in this case.

44. The above described actions of all of the Defendants caused the violations of the Plaintiff's rights under the Fourth and Fourteenth Amendment as alleged in this Complaint.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

45. The allegations set forth in paragraphs 1-44 inclusive, are incorporated herein as if fully set forth.

46. As a direct and proximate result of Defendants' above described unlawful and malicious conduct, committed under the color of state law, and while acting in that capacity, the Defendants deprived Plaintiff of the equal protection of the laws and Plaintiff's rights, privileges and immunities under the laws and the Constitution of the United States. Plaintiff's right to be free from false arrest, false imprisonment, malicious prosecution, excessive force, to be secure in one's person and property, to access to the Courts, and to due process and equal protection of the law, all to Plaintiff's great detriment and loss. As a result, Plaintiff suffered grievous harm, in violation of his rights under the laws and Constitution of the United States in particular the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. § 1983.

47. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff was forced to endure great pain and mental suffering, and was deprived of physical liberty, all to Plaintiff's great detriment and loss.

48. The City of Philadelphia permitted, encouraged, tolerated, ratified and was deliberately indifferent to a pattern, practice and custom of:

   a. Unjustified, unreasonable and illegal use of process by police officers;
   b. Abuse of police powers, including false arrest, malicious prosecution,

      excessive force, harassment and improper searches;
- c. Misrepresenting facts in order to establish probable cause where none would otherwise exist;
- d. Arresting and incarcerating citizens without probable cause solely for the purpose of committing citizens to prison with no intention of seeking criminal prosecutions;
- e. Psychologically or emotionally unfit persons serving as police officers; and
- f. Failure of police officers to prevent, deter, report or take action against the unlawful conduct of police officers under such circumstances as presented herein.

49. Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

- a. Unlawful detentions, unlawful arrests and excessive use of force by police officers;
- b. The proper exercise of police powers, including but not limited to the use of false information to obtain search warrants, fabrication of evidence, unlawful arrest, malicious prosecution, excessive force and unlawful detention;
- c. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;
- d. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;
- e. Police officers' use of their status as police officers to employ the use of unlawful search and/or arrest, or to achieve ends not reasonably related to their police duties;
- f. Police officers' use of their status as police officers to employ the use of unlawful arrest, invoke the Code of Silence, or to achieve ends not reasonably related to police duties;
- g. The failure of police officers to follow established policies, procedures, directives and instructions regarding the securing of search warrants and the use of arrest powers under such circumstances as presented in this case;
- h. The refusal of police officers to intervene when other officers violate the rights of citizens in their presence;
- i. The failure to identify and take remedial or disciplinary action against units of officers assigned to narcotics investigations in light of repeated instances of misconduct over a period of many years as alleged in this Complaint; and

j. The refusal of police officers to report or provide information concerning the misconduct of other police officers, a custom or practice known as the "Code of Silence."

50. Defendant City of Philadelphia failed to properly train, supervise or discipline officers assigned to narcotics units of the Philadelphia Police Department who have engaged over a period of many years in systematic abuses of authority, including but not limited to: (a) the duty to provide only truthful information in securing search and arrest warrants, (b) the duty to ensure that relationships and dealings with confidential informants are in accord with Police Department policy and constitutional commands, (c) the duty to disclose exculpatory evidence in criminal cases, (d) their duty not to undertake arrests in the absence of lawful grounds, (e) the duty to provide accurate and truthful information to the prosecutor's office, (f) the duty to report and disclose misconduct and illegal actions of other police officers, (g) the improper execution of search warrants, and in particular prohibitions on searches that go beyond those authorized by the warrant, and/or involve the destruction or theft of property or evidence, and (h) the fabrication of evidence against an accused to justify their illegal actions and conduct.

51. Defendant City of Philadelphia failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of individuals by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the Defendant officers in this case, to violate the rights of citizens such as the Plaintiff.

52. Defendant City of Philadelphia is deliberately indifferent to the need to train, supervise and discipline police officers. The Internal Affairs Division (IAD) of the

Philadelphia Police Department (PPD) fails to provide an internal disciplinary mechanism that imposes meaningful disciplinary and remedial actions in the following respects:

   a. There are excessive and chronic delays in resolving disciplinary complaints;
   b. There is a lack of consistent, rational and meaningful disciplinary and remedial actions;
   c. There is a failure to effectively discipline substantial numbers of officers who were found to have engaged in misconduct.
   d. The PPD's internal investigatory process has fallen below accepted practices and is arbitrary and inconsistent;
   e. The PPD discipline, as practiced, is incident based rather than progressive. Thus, repeat violators are not being penalized in proportion to the number of violations.
   f. The conduct of IAD investigations demonstrates that PPD internal affairs personnel are not adequately trained and supervised in the proper conduct of such investigations;
   g. A global analysis of IAD's investigatory procedures indicates a pattern of administrative conduct where the benefit of the doubt is given to the officer rather than the complainant;
   h. There are serious deficiencies in the quality of IAD investigations and the validity of the IAD findings and conclusions;
   i. The PPD lacks an effective early warning system to identify, track and monitor "problem" officers.
   j. Despite the fact that several of the Defendant officers had amassed an exceptionally large number of serious misconduct complaints, the officers stayed well below the radar of an early warning system;
   k. Despite numerous prior complaints against several of the Defendant officers, the PPD took no meaningful disciplinary or remedial actions;
   l. Despite numerous prior complaints against several of the Defendant officers, the PPD took no meaningful steps to more closely monitor, retrain and supervise the officers;
   m. IAD frequently fails to interview available eyewitnesses to incidents involving citizen complaints of misconduct. The interviews that are conducted by IAD are below acceptable standards of police practice and fail to address key issues in the cases; and
   n. IAD fails to acknowledge the disproportionate and extreme use of force used by police officers in the investigation of citizen complaints and fails to properly categorize the police officers' misconduct in those cases as an impermissible use of force.

53. The City of Philadelphia was deliberately indifferent to the need for more or different training, supervision, investigation or discipline in the areas of:

    a. Use of information in obtaining probable cause;
    b. Exercise of police powers;
    c. Police officers with emotional or psychological problems;
    d. Police officers use of their status as police officers to have persons falsely arrested, maliciously prosecuted, assaulted and unlawfully searched or to achieve ends not reasonably related to their police duties; and
    e. False arrest, malicious prosecution and evidence planting of citizens.

54. The City of Philadelphia failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other police officers, thereby causing and encouraging police officers, including Defendants and former Police Officers Walker, Liciardello, Spicer and Betts, as well as Sergeant Gorman in this case, to violate the rights of citizens such as Plaintiff.

55. The City of Philadelphia failed to properly sanction or discipline officers and acquiesced to the Defendant officers' unlawful conduct after becoming aware that these particular officers engaged in the aforementioned conduct in cases dating back to 2002 while concealing and/or aiding and abetting in the violations of constitutional rights of citizens by these police officers, thereby causing and encouraging police officers, including Defendants and former Police Officers Walker, Liciardello, Spicer and Betts, as well as Sergeant Gorman in this case, to violate the rights of citizens such as Plaintiff.

56. The City of Philadelphia was aware and was deliberately indifferent to the unconstitutional acts and omissions of the Defendant officers when:

    a. Beginning in 2002, several legal complaints alleging civil and constitutional

   rights of false arrests, malicious prosecutions, falsifying documents and testimony alleging the violations of the constitutional rights of citizens by the Defendant officers were filed;

  b. In 2005, former Philadelphia Police Commissioner Sylvester Johnson testified at trial in the case of *Arnold Randall v City of Philadelphia, et al.*, C.A. No. 04-1081 regarding the customs, policies and procedures with respect to the narcotics units generally and specifically with regards to allegations that the Defendant officers engaged in false arrests, malicious prosecutions and fabrication of evidence;

  c. In 2005, IAD was authorized by the City of Philadelphia to investigate the numerous allegations of false arrests, malicious prosecution and fabrication claims against the Defendant officers, as well as other members of the narcotics units;

  d. In 2005 and later, the Philadelphia City Solicitor's Office was authorized by the City of Philadelphia to investigate the numerous allegations of false arrests, malicious prosecution and fabrication claims against the Defendant officers, as well as other members of the narcotics units;

  e. The City of Philadelphia was also aware that the federal authorities were investigating these same Defendant officers for several years for the violations of citizens' civil and constitutional rights during this period of time;

  f. In 2007, the City of Philadelphia was aware of the constitutional violations by these same officers and other officers in the narcotics units when the Third Circuit Court of Appeals denied the Defendant officers claim of Qualified Immunity due to their unlawful and unconstitutional actions in a case averring the same claims as this case – false arrest, malicious prosecution and falsification of documents. *See Andre Blaylock v City of Philadelphia, et al.* 504 F.3d 405 (3d Cir. 2007); and

  g. In December 2012, the Philadelphia District Attorney's Office informed Philadelphia Police Commissioner Ramsey that the Defendant officers would no longer be permitted to be witnesses in narcotic cases.

  57. Defendant City of Philadelphia continued to permit, acquiesce, encourage, tolerate, ratify and has been deliberately indifferent to the unconstitutional acts and omissions by the Defendant officers despite the aforementioned allegations, investigations and Court holdings for years.

  58. The foregoing acts, omissions, systemic deficiencies and deliberate indifference to the danger or harm to citizens like the Plaintiff and the need for more or different training, investigation and discipline are policies and customs of the City

of Philadelphia and have caused police officers, including Defendants and former Police Officers Walker, Liciardello, Spicer and Betts, as well as Sergeant Gorman in this case, to believe that he can violate the rights of citizens, with impunity, including the use of fraud and falsehood and to believe that such conduct would be honestly and properly investigated, all with the foreseeable result that officers are more likely to violate the constitutional rights of citizens.

59. The actions of all Defendants, acting under the color of state law and/or in concert or conspiracy with each other, deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States, in particular, the rights to be secure in one's person and property, to be free from unlawful searches, from false arrest, malicious prosecution and to due process of law.

60. Defendants, City of Philadelphia and Defendants and former Police Officers Walker, Liciardello, Spicer and Betts, as well as Sergeant Gorman acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiff of his constitutional and statutory rights.

61. By these actions, all Defendants have deprived Plaintiff of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

## PUNITIVE DAMAGES

62. Plaintiff re-alleges paragraphs 1-61 of this complaint as though fully set forth herein.

63. The conduct of Defendants and former Police Officers Walker, Liciardello, Spicer and Betts, as well as Sergeant Gorman were outrageous, malicious, wanton, willful, reckless and intentionally designed to inflict harm upon Plaintiff.

64. As a result of the acts of Defendants and former Police Officers Walker, Liciardello, Spicer and Betts, as well as Sergeant Gorman alleged in the preceding paragraphs, Plaintiff is entitled to punitive damages as to each cause of action.

## JURY DEMAND

65. Plaintiff demands a jury trial as to each Defendant and as to each count.

**WHEREFORE**, Plaintiff requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. A declaratory judgment that the practices and policies complained of are unconstitutional;

d. Reasonable attorney's fees and costs; and

e. Such other and further relief as appears reasonable and just.

DATED: 12/1/14

/s/Michael Pileggi
MICHAEL PILEGGI, ESQUIRE
303 Chestnut Street
Philadelphia, PA 19106
Counsel for Plaintiff